UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GORDON B. CUMMING,

               Plaintiff,               13-CV-969-A(F)

    v.                              **DECISION AND ORDER**

INDEPENDENT HEALTH ASSOCIATION, INC.,

               Defendant.
_____

      This case is before the Court on the Defendant's motion to compel arbitration of the Plaintiff's employment discrimination claims. The Plaintiff is the former Chief Administrative Officer at Independent Health and alleges that the Defendant violated the Americans with Disabilities Act (ADA), the Family Medical Leave Act (FMLA), and several state laws when the Defendant terminated the Plaintiff's employment after his ongoing illness worsened. The Plaintiff argues, generally, that because the language of the arbitration clause in his employment agreement does not expressly include ADA and FMLA claims, he is not required to arbitrate such claims.

      Magistrate Judge Foschio, to whom this case was referred pursuant to 28 U.S.C. § 636(b), issued a decision and order holding that the Plaintiff's ADA and FMLA claims were within the scope of the arbitration clause. *See* Dkt. No. 19. Accordingly, Magistrate Judge Foschio compelled arbitration and issued a stay of further litigation in this Court. *Id.* at 16. The Plaintiff filed objections, and oral argument was held before the undersigned on July 10, 2014.

1

Although the Second Circuit has not yet addressed the issue, the prevailing view among District Courts in this Circuit is that decisions to compel arbitration are non-dispositive.  See *Herko v. Metropolitan Life Ins. Co.*, 978 F. Supp. 149, 150 (W.D.N.Y. 1997); *Kiewit Constructors, Inc. v. Franbilt, Inc.*, 07-CV-121A, 2007 WL 2461919, at *1 n.1 (W.D.N.Y. Aug. 24, 2007) ("[T]hat portion of the motion relating to arbitration is non-dispositive, and may be determined by [the Magistrate Judge]."); *Chen-Oster v. Goldman, Sachs & Co.*, 785 F. Supp. 2d 394, 399 n.1 (S.D.N.Y. 2011), *rev'd on other grounds* 710 F.3d 483 (2d Cir. 2013); *Zouras v. The Goldman Sachs Grp., Inc.*, 02 Civ. 9249(BSJ)(GWG), 2003 WL 21997745, at *1 (S.D.N.Y. Aug. 22, 2003) ("Because a motion to compel arbitration and stay an action is not a dispositive motion . . . , this Court will decide the defendants' motion pursuant to an opinion and order.").  *But see Ecor Solutions, Inc. v. Malcolm Pirnie, Inc.*, 02-CV-1103 (GTE/DRH), 2009 WL 242553, at *1 n.1 (N.D.N.Y. Jan. 21, 2009) (collecting cases to the contrary).  Further, the only two Courts of Appeals that appear to have addressed the issue—the First and Third Circuits—have recently held that decisions to compel arbitration are non-dispositive.  See *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 13-14 (1st Cir. 2010); *Virgin Islands Water & Power Auth. v. Gen. Electric Int'l Inc.*, -- Fed. App'x  --, 2014 WL 1045414, at *2 (3rd Cir. 2014).

These decisions are premised on the fact that a decision to compel arbitration does not itself dispose of a case.  Rather, the Federal Arbitration Act (FAA) provides that an arbitrator's award becomes the judgment of the Court only

2

upon the Court's confirmation of the award. See 9 U.S.C. § 9. This is not a ministerial rubber-stamping. Indeed, on a motion to confirm an arbitration award, the FAA permits the District Court to vacate or modify the arbitrator's award for a number of reasons, see id. §§ 10-11, and in "exceedingly rare instances," the District Court may vacate an arbitrator's award which evidences a "manifest disregard of the law." T. Co Metals, LLC v. Dempsey Pipe & Supply, Inc., 592 F.3d 329, 339 (2d Cir. 2010). In other words, although an order compelling arbitration may narrow the scope of the District Court's review of the arbitrator's decision, "there is no final exercise of Article III power at the time the court acts on the motion to stay." PowerShare, 597 F.3d at 14.

Accordingly, because a motion to compel arbitration and stay the case is non-dispositive, the District Court "may reconsider" the Magistrate Judge's decision and order "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). The Court has carefully reviewed and considered Magistrate Judge Foschio's decision and order, the parties' briefing, and the points raised by counsel during oral argument. Upon its review, the Court finds that Magistrate Judge Foschio's decision is neither clearly erroneous nor contrary to law.[1]

The Plaintiff's arguments to the contrary rely primarily on an isolated sentence from the ADA's legislative history. Assuming that this legislative history

---

[1] The Court also finds that Magistrate Judge Foschio's decision and order would be correct under a de novo standard of review.

3

is or should be relevant to the Court's task in this case, the Court finds that the legislative history is, at best, ambiguous.  Further, whatever weight the legislative history has is undercut by the text of the ADA, which encourages arbitration.  *See* 42 U.S.C. § 12212 ("Where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including . . . arbitration, is encouraged to resolve disputes arising under" the ADA.)

In any event, to the extent that the arbitration clause at issue is ambiguous, the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor or arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).  The Court follows that rule in this case and agrees with Magistrate Judge Foschio that each of the Plaintiff's claims is encompassed within the broad language of the arbitration clause.

The Plaintiff's objections to the decision and order are therefore denied and the case is stayed pending arbitration.

**SO ORDERED.**

Dated: July 16, 2014                              s/Richard J. Arcara_____
Buffalo, New York
                                                          HONORABLE RICHARD J. ARCARA
                                                          UNITED STATES DISTRICT JUDGE